UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAVIS KELLY, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) Civil Action No. 1:22-cv-03432 (UNA) <br> v. ) <br> ) <br> CENTRAL INTELLIGENCY ) <br> AGENCY, *et al.*, ) <br> ) <br> Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, who lists an address of Williamsburg, Kentucky, but also indicates that he resides in the states of California, Florida, and Washington, sues the Central Intelligence Agency, the Department of Defense, the Department of Homeland Security, and an individual associated with "Operation Logistics," located in Corbin, Kentucky. He later lists approximately 28 additional members of "Operation Logistics," but does not formally name them as defendants, nor does he ever explain the nature of "Operation Logistics." He demands equitable relief, the

institution of criminal charges against defendants and others, and $150,000 in damages, alleging that he and his family "were victims of sonic weapons, microwave weapons, and a plot to target the white house with sonic weapons[.]"  He contends that, from 2010 to date, he has notified defendants and others of these alleged attacks, but no actions have been taken in response.

The court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant complaint satisfies this standard.

Consequently, the complaint is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

*[signature: Amy B Jackson]*

AMY BERMAN JACKSON
United States District Judge

Date:  December 16, 2022